JOSEPH W. FAGAN v. STATE OF NEBRASKA.

FILED JANUARY 31, 1920.   No. 21067.

Criminal Law: EVIDENCE: REVIEW. "Unless it appears that the evidence in the trial of a criminal case is so deficient that all reasonable minds, if uninfluenced by passion or prejudice, must agree that there is reasonable doubt of the guilt of the defendant, a reviewing court cannot set aside the verdict of the jury as unsupported by the evidence." *Johnson v. State*, 88 Neb. 328.

ERROR to the district court for Fillmore county: RALPH D. BROWN, JUDGE. *Reversed.*

*John K. Waring, Robert B. Waring* and *H. G. Wellensick*, for plaintiff in error.

*Clarence A. Davis, Attorney General*, and *Cecil F. Laverty*, contra.

CORNISH, J.

The defendant, Joseph W. Fagan (plaintiff in error), convicted of attempting to procure abortion, appeals.

The defendant contends, first of all, that the evidence is insufficient to sustain the verdict. Upon consideration of the evidence, we are of opinion that this objection to the verdict should be sustained.

Mrs. Saul (previously Grace Moore), upon whom the attempted abortion was made, if at all, was at the time an inmate of the Girls Industrial School. The defendant, a married man, was instructor of music and bandmaster at the same institution. She testified that, as a result

104 Neb.—11

of intercourse had with the defendant, she became preg-
nant; that afterwards he procured and gave her certain
drugs for the purpose of enabling her to accomplish an
abortion; that the drugs, although taken by her, did not
result in an abortion. The child was born some seven
months later.

The evidence of Mrs. Saul is uncorroborated, except
that her testimony that the matron of the school ob-
served that she did not look well at about the time that
she took the drugs, and advised her to report to Doctor
Bixby, is followed by the doctor's testimony that she did
report to him; that the matron told him that Mrs. Saul
and others were complaining, and asked that he prescribe
for Mrs. Saul. He did not testify that he found her ill.

Impeaching evidence shows that her reputation for
truth and veracity was not very good. Her testimony is
contradicted in many particulars. She told two witnesses
that she received the drugs from one Jack Williams, of
Lamar, Colorado. She at first wrote a note, stating that
no person at the school was responsible for her condition,
and she told Doctor Bixby that she had gotten into trou-
ble at Lincoln. Doctor Bixby, whom she visited, found no
evidence of any effect of the drug upon her. The evidence
indicated, not only that the drugs taken by her were
harmless, but the doctor's testimony is that the drugs
could not have produced an abortion. After four months'
pregnancy, she married her present husband, who was
also employed at the school. She swears at one time that
she asked the defendant to get the drug; at another, that
he got it on his own motion. She admits that she was
jealous of him because of his paying attention to another
woman. Her testimony as to time and place of inter-
course is met with strong rebuttal testimony.

On the other hand, the defendant, on the witness-
stand, denied ever having any improper or illicit re-
lation with her. Aside from her testimony, there is no
evidence in the record that defendant ever kept company

with her or sought or had opportunities for the two months' illicit relations sworn to.

No doubt, if defendant induced Mrs. Saul to take the drugs, believing that they would produce abortion, that would be sufficient, but she nowhere quotes defendant as saying that the drug handed her would do so. When the drug itself would be ineffectual for abortion, this circumstance has some significance.

We are of opinion that the evidence before us is not such as to justify the jury in finding beyond a reasonable doubt that the accused made the attempt charged against him.

REVERSED AND REMANDED.

LETTON, J., not sitting.

ROSE, J., dissenting.

My review of the record convinces me that the evidence establishes the guilt of defendant beyond a reasonable doubt and that there is no error in the record prejudicial to defendant. I, therefore, dissent from the opinion of the majority.